CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 28 2009

JOHN F. CORCORAN, CLERK
BY: /s/ Knight
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HAMEEN SHAHID IRVIN, | ) |
| Plaintiff, | ) Case No. 7:09CV00244 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| WILLIAM H. ALEXANDER, II, JUDGE ET AL., | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendants. | ) |

Plaintiff Hameen Shahid Irvin, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Irvin alleges that various government and jail officials have violated his constitutional rights by failing to accommodate and treat his back pain.[1] He has also filed additional evidence which the court will construe and grant as motions to amend.[2] Upon review of the record, however, the court finds that the complaint as amended must be dismissed.

## Background

The allegations in Irvin's submissions are piecemeal and do not provide a clear, chronological picture of what happened to him, what treatment he sought and received, when he made his requests for or received treatment, and what each of the defendants allegedly did, personally, in violation of his rights, despite the fact that the court granted him opportunities to

---

[1] As relief, Irvin seeks compensatory damages for future medical bills, pain, and suffering. He also seeks a pardon, full or partial release from confinement, or modification of his sentence. He is advised that pardon, sentence modification, or reversal of charges are not forms of relief available under § 1983.

[2] In his original complaint, Irvin names the following defendants: the trial judge; his attorney; the sheriff of Franklin County and the sheriff's department; Western Virginia Regional Jail ("WVRJ"); its superintendent; its medical department; its private medical provider company, Conmed; the Franklin County Jail; and its medical officer. In his motions to amend, Irvin also names Dr. Ali as a defendant.

amend to correct these deficiencies on two different occasions. The court will, nevertheless, attempt to summarize the allegations he provides in support of his claims.

In 2007, before Irvin was incarcerated, he injured his back while lifting weights. On September 23, 2008, a doctor in New York examined Irvin and issued an imaging report, which diagnosed Irwin as having a "small central disc herniation/protrusion on L5-SI," "minor L4-5 bulging," "no central stenosis," and "L3-4 through L5 posterior facet arthrosis." Days before Irvin's arrest, he was scheduled for back surgery.

When Irvin arrived at the WVRJ in Salem, Virginia, the doctor recommended that he be assigned to a bottom bunk, and he was. Then, for reasons unknown to Irvin, officials changed the bunk schedule for everyone and assigned Irvin to a top bunk. The bed had no ladder for Irvin to use to get into that bunk, so he slept on a mat on the floor. This sleeping arrangement aggravated his back pain. On June 10, 2009, he filed an medical request for a lower bunk; the staff response stated, "You do not meet the criteria for a bottom bunk." About five days later, however, he was reassigned to a bottom bunk.

At some point, Irvin also had bunk assignment problems at the Franklin County Jail and had to sleep on the floor. Medical officials there did not prescribe any pain medication and offered him only Motrin, which he refused to take because he believes he is allergic to it.

At the WVRJ, Irvin filed several requests in May, June and July 2009 about his back pain and his need for surgery. In mid-May, he mailed a copy of the 2008 imaging report on his back to the trial judge in his criminal case. The judge forwarded the report to jail officials and advised Irvin that he should provide the jail staff with any further medical records he obtained. On May 26, 2009, Irvin was scheduled to see a doctor at the jail, who prescribed medication for Irvin. Irvin spoke with Dr. Ali about his surgery. She told him that because his sentence was only three and a half years, he "did not have enough time to do [his] surgery . . . [and] would have to wait until [he] was back on the streets to get [his] back surgery." She prescribed "Flexiril," but took Irvin off his other medications. Officials also told Irvin that once his medical records arrived

from New York, staff would reevaluate his medical treatment options. He filed several complaints about the delay in getting these records.

Based on Irvin's scattered allegations as amended, the court construes his claims as follows:

1. The staff and medical department of the WVRJ assigned him to a top bunk without an access ladder, forcing him to sleep on the floor, which aggravated his back pain;

2. At the Franklin County Jail, officials assigned plaintiff to the medical pod, where he had no bunk and slept on the floor; when he complained of back pain, these defendants provided him with only Motrin, although they had the 2008 imaging report on his back problems.

3. The trial judge in Franklin County and plaintiff's trial attorney knew about plaintiff's back problems, but failed to ensure that jail officials provided appropriate treatment.

4. Another inmate has symptoms and back injuries similar to plaintiff's, but plaintiff is black and the other inmate is white, so plaintiff believes that defendants are discriminating against him based on his race.[3]

## Discussion

To state a cause of action under § 1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." In reviewing the case for possible summary dismissal, the court must accept allegations in the

---

[3] This claim fails on its face, as Irvin fails to allege that the white inmate with similar back problems received different or better treatment than he did or to allege any facts on which he could prove that any difference in treatment resulted from purposeful discrimination based on race. See Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (finding that to prove equal protection claim, litigants "must first demonstrate that [they] ha[ve] been treated differently from others with whom [they are] similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination") (citation and internal quotation marks omitted).

- 3 -

Case 7:09-cv-00244-GEC-mfu   Document 17   Filed 09/28/09   Page 3 of 8   Pageid#: 61

complaint as true and draw all reasonable factual inferences in the plaintiff's favor. See De'Lonta v. Angelone, 330 F.3d 630, 633 (4th Cir. 2003). The factual allegations in the complaint must contain "more than labels and conclusions" and "must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). After review of Irvin's allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under § 1983.

### A. Medical Treatment

To prove that his course of medical treatment amounted to a constitutional violation,[4] an inmate must show that prison officials to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (applying Eighth Amendment to convicted felon's medical claim).

> A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention or if denial of or a delay in treatment causes, or threatens to cause, the inmate to suffer a life-long handicap or permanent loss.

Coppage v. Mann, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (internal quotations omitted).

To prove deliberate indifference, the inmate must show that the official was aware of objective evidence from which he could draw an inference that a substantial risk of harm existed and that he drew that inference. Farmer v. Brennan, 511 U.S. 825, 847 (1994). On the other hand, a claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial

---

[4] It is not clear from his pleadings whether Irvin was a pretrial detainee or a convicted felon at the time of the events alleged in the complaint. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. See Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs).

- 4 -

review under § 1983. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Negligent misdiagnosis or other instances of medical malpractice do not present constitutional deprivations. Estelle, 429 U.S. at 105-106. "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Id. at 106.

To bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990). Prison personnel may rightfully rely on the opinion of the medical staff as to the proper course of treatment. Id. at 855.

Irvin clearly believes that his back pain called for narcotic pain medication and immediate surgery. The medical personnel at the WVRJ who have examined him and reviewed his past medical records as provided to them have determined that a different course of treatment is appropriate. At the most, plaintiff alleges a disagreement between himself and the jail's doctors, and perhaps between the jail doctors and plaintiff's previous physician who scheduled him for surgery. Such disagreements do not give rise to any claim actionable under § 1983. Wright, 766 F.2d at 849. Plaintiff's allegations that the jail doctor is incorrect in her assessment that his condition does not require immediate surgery and that plaintiff is appropriately medicated without all the drugs previously prescribed to him state nothing more than claims of medical negligence, which is not sufficient to state an Eighth Amendment claim.[5] Estelle 429 U.S. at 106. Stated differently, the jail doctor has not ignored plaintiff's complaint, and has attempted to provide some forms of treatment, albeit not the particular treatment that plaintiff wishes to receive.

---

[5] To the extent that Irvin's allegations might give rise to claims of medical malpractice under state law, the court declines to exercise supplemental jurisdiction over such claims and will dismiss them without prejudice. See 28 U.S.C. § 1367(c).

Irvin also believes that medical personnel at both jails should have provided him with treatment to address his back pain more quickly. However, he does not allege specific facts concerning when he first requested such medical attention, what responses or treatment he received, and when. Therefore, he fails to forecast evidence on which he could prove that the medical defendants delayed treating him while knowing that the delay placed him at significant risk of harm. Farmer, 511 U.S. at 847. Moreover, the majority of his defendants are not medical professionals and rightfully relied on the medical judgment of the jails' medical staffs to determine what treatment Irvin needed for his condition.[6] Miltier, 896 F.2d at 855.

In short, Irvin fails to allege facts on which he could prove any deliberate indifference to his serious medical needs related to the course of medical treatment provided for his back pain. The court will dismiss all such claims, pursuant to § 1915A(b)(1), for failure to state a claim.

### B. Bunk Assignment

The Eighth Amendment also protects prisoners from cruel and unusual living conditions. Rhodes v. Chapman, 452 U.S. 337 (1981). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that (1) the challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious," and (2) that, subjectively, the defendant prison officials acted with deliberate indifference to the risk. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that continued, unwilling exposure to the challenged conditions creates a substantial risk of such harm. Helling

---

[6] As the court advised Irvin in the conditional filing order, he cannot prevail with his claims against several of his defendants for other reasons as well. The jails, the sheriff's department, and jail medical personnel as a group are not "persons" subject to suit under § 1983. See McCoy v. Chesapeake Correctional Center, 788 F. Supp 890 (E.D. Va. 1992). The judge is immune from suits for monetary damages based on actions taken in the course of his judicial function. Stump v. Sparkman, 435 U.S. 349 (1978). Irvin's criminal defense attorney is not a state actor subject to suit under § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). Moreover, Irving alleges no facts indicating that any of the non-medical defendants interfered with treatment provided to him by jail medical staff, and as such, they can bear no liability related to Irvin's treatment. Miltier, 896 F.2d at 855.

v. McKinney, 509 U.S. 25, 31 (1993); Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993). To show deliberate indifference, plaintiff must prove that the official was aware of objective evidence from which he could draw an inference that a substantial risk of harm existed and that he drew that inference. Farmer, 511 U.S. at 847.

Irvin's allegations about bunk assignments are not sufficient to state any actionable claim under these principles. First, Irvin admits that it was his own decision to sleep on the floor rather than on the top bunk at the WVRJ. He does not allege even attempting to climb into the bunk provided for him. Therefore, any aggravation of his back condition caused by sleeping on the floor resulted from his own decision and not from any action defendants took or failed to take. In any event, he also admits that this bunk problem was temporary, as he was moved to another cell and a bottom bunk in less than a week.

Second, Irvin's allegations about his bunk assignment at the Franklin County Jail do not offer any specific facts on which he could prove deliberate indifference by any of the defendants. He does not allege when or why he was assigned to the medical unit or by whom, how long he slept on the floor there, whether he told anyone there that sleeping on the floor caused him back pain, or what responses he received to requests that he be moved to a bottom bunk. As he thus does not allege facts on which he could prove defendants knew that making him sleep on the floor placed him at any significant risk of harm, he does not state any claim of deliberate indifference related to this condition. Wilson, 501 U.S. at 298.

### Conclusion

For the stated reasons, the court concludes that Irvin's complaint fails to allege facts stating any claim actionable under § 1983. Accordingly, the action will be dismissed without prejudice, pursuant to § 1915A(b)(1).[7] An appropriate order will enter this day.

---

[7] It also appears highly likely that Irvin has not exhausted administrative remedies as to all of his claims. He states that he has satisfied exhaustion requirements. On the other hand, he does not provide any documentation indicating that he ever pursued any of his complaints past the initial "Inmate Request Form" level of the jail's grievance procedures. As the court does not have a copy of the jails' procedures showing what levels of appeal are available, however, the court cannot dismiss the complaint under 42

-7-

Case 7:09-cv-00244-GEC-mfu Document 17 Filed 09/28/09 Page 7 of 8 Pageid#: 65

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 28th day of September, 2009.

/s/ Jackson L. Kiser
United States District Judge

---

U.S.C. § 1997e(a) for failure to exhaust available administrative remedies.

- 8 -

Case 7:09-cv-00244-GEC-mfu   Document 17   Filed 09/28/09   Page 8 of 8   Pageid#: 66